**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bjorg Kopec,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Wells Fargo Bank NA,<br><br>　　　　　Defendant. | No. CV-18-02406-PHX-JJT<br><br>**ORDER** |

At issue are Defendant Wells Fargo Bank NA's Motion to Dismiss (Doc. 7); and *pro se* Plaintiff Bjorg Kopec's Motion for Temporary Restraining Order (Doc. 11), to which Defendant filed a Response (Doc. 14).

As a threshold matter, the Court notes that it entered an Order (Doc. 10) advising Plaintiff that she was required to file a Response to Defendant's Motion to Dismiss by August 31, 2018, and failure to do so could result in dismissal of her case. Plaintiff failed to file a Response, and Defendant is thus eligible for summary disposition of its Motion to Dismiss. *See* LRCiv 7.2(i). Considering Plaintiff's *pro se* status, the Court will nonetheless consider Plaintiff's Motion for Temporary Restraining Order (Doc. 11), filed August 30, 2018, at the same time the Court addresses Defendant's Motion to Dismiss. The Court will resolve the pending Motions without oral argument. *See* LRCiv 7.2(f).

## I. BACKGROUND

In October 2006, Plaintiff obtained a Loan for $280,250.00 from Defendant secured by a Deed of Trust on real property ("Property") in Mesa, Arizona.[1] Defendant assigned the Loan to Deutsche Bank National Trust Company but remained the loan servicer. In March 2014, a Trustee's Sale was noticed after Plaintiff defaulted on the Loan. The sale did not take place, however, and Plaintiff filed for Chapter 13 bankruptcy protection in January 2015.[2] In March 2016, during the course of her bankruptcy proceedings, Plaintiff entered into a Loan Modification Agreement with Deutsche Bank. Plaintiff defaulted on the Loan Modification Agreement in October 2016.

In June 2017, Deutsche Bank moved the Bankruptcy Court for relief from the automatic stay to foreclose on the Property. The parties, including Plaintiff, stipulated to an Order providing for a plan for Plaintiff to make payments under the Loan. The Order also provided that Deutsche Bank could not hold a Trustee's Sale on the Property unless Plaintiff again defaulted and then failed to cure the default within 15 days of written notice of default.

When Plaintiff defaulted again, Deutsche Bank provided written notice of default to Plaintiff in March 2018. The Bankruptcy Court entered an Order lifting the automatic stay due to Plaintiff's failure to comply with the terms of the Stipulated Order and stating that Deutsche Bank may exercise its rights in the Property. Defendant, as loan servicer, recorded a Notice of Trustee's Sale for a sale of the Property on September 5, 2018.

On July 12, 2018, Plaintiff filed suit against Defendant in Arizona state court, and Plaintiff filed a motion for a Temporary Restraining Order, which the state court denied. (Doc. 1-4 at 10.) Defendant then removed the action to this Court. (Doc. 1.) In the Complaint (Doc. 1-2), Plaintiff raises three claims against Defendant: (1) negligence;

---

[1] Plaintiff attached to the Complaint the relevant documents pertaining to her Loan.

[2] The Court takes judicial notice of the records of Plaintiff's bankruptcy proceeding. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 & n.1 (9th Cir. 2004).

(2) slander of title; and (3) wrongful foreclosure. Defendant has moved to dismiss Plaintiff's claims, and Plaintiff has again moved for a Temporary Restraining Order in an attempt to stop the scheduled Trustee's Sale.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

A complaint must include "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also* Fed. R. Civ. P. 8(a). A dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### B. Motion for Temporary Restraining Order

To obtain preliminary injunctive relief, Plaintiff must show that "(1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The Ninth Circuit Court of

Appeals, employing a sliding scale analysis, has also stated that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1078 (9th Cir. 2013) *cert. denied*, 134 S. Ct. 2877 (2014) (quoting *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1132 (9th Cir. 2011)).

### III. ANALYSIS

#### A. Defendant's Motion to Dismiss

##### 1. Judicial Estoppel

Defendant first argues that Plaintiff is judicially estopped from raising her claims in this lawsuit by her representations and agreements before the Bankruptcy Court. The doctrine of judicial estoppel exists to protect the integrity of the judicial process by "prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (internal quotation marks and citations omitted); see also *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1133 (9th Cir. 2012). "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position." *New Hampshire*, 532 U.S. at 749 (internal quotation marks and citations omitted). The application of judicial estoppel is appropriate to bar litigants from taking inconsistent positions not only in the same case, but also in two different cases. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001).

Several factors are relevant in determining whether this Court should exercise its discretion to impose judicial estoppel. *See New Hampshire*, 532 U.S. at 750. Those factors include: 1) whether the party's later position is "clearly inconsistent with its earlier position;" 2) whether the party succeeded in persuading the court to accept its earlier position, creating a perception that the first or second court was misled; and 3) whether the party seeking to assert an inconsistent position would "derive an unfair

advantage or impose an unfair detriment to the opposing party." *Baughman*, 685 F.3d at 1133 (citing *New Hampshire*, 532 U.S. at 750-51).

The theories underlying Plaintiff's claims against Defendant are that her loan was improperly securitized and that Defendant must demonstrate it holds the Note before foreclosing, both allegedly leading to the conclusion that Defendant does not have the right to foreclose on the lien on the Property. However, Defendant shows that, in entering into the Loan Modification Agreement—which the Bankruptcy Court approved— Plaintiff acknowledged that the lien on the Property is valid and enforceable and that Deutsche Bank has the right to foreclose on the lien. Specifically, Defendant points out that Plaintiff agreed "the Note and Mortgage remain in full force and effect and are valid, binding obligations upon Borrower, except as discharged in Bankruptcy, and are properly secured by the Property." Later in the Bankruptcy Court proceeding, after Plaintiff defaulted on the modified Loan terms, Plaintiff again stipulated that Deutsche Bank was the beneficiary of the Deed of Trust and had the authority to hold a Trustee's Sale in the event of another default. Defendant also demonstrates that Plaintiff recognized and agreed to Defendant's authority to act on behalf of Deutsche Bank in entering into and enforcing the Loan Modification Agreement. Moreover, in her 2015 bankruptcy schedules, Plaintiff reported no claims against Defendant or Deutsche Bank.

It is thus beyond dispute that Plaintiff's current position with regard to the validity and enforceability of the Note and Mortgage is clearly inconsistent with her position in the Bankruptcy proceeding. Moreover, the Bankruptcy Court accepted Plaintiff's earlier position in approving the Loan Modification Agreement, which was to Plaintiff's benefit in modifying Plaintiff's payment obligations under the Loan, and in ultimately confirming Plaintiff's Chapter 13 bankruptcy plan. It would be unfair to Defendant to now let Plaintiff argue the opposite—that the lien on the Property is not valid and that Defendant does not have the right to enforce the Note and Mortgage.

Plaintiff did not respond to Defendant's Motion to Dismiss and does not meet, or even mention, Defendant's judicial estoppel argument in her Motion for Temporary

Restraining Order. Indeed, the content of Plaintiff's Motion has simply been cut and pasted from her Complaint.

Accordingly, Plaintiff is judicially estopped from raising all three claims against Defendant in this matter. *See Hamilton*, 270 F.3d at 783-84. For this reason alone, the Court must grant Defendant's Motion and dismiss Plaintiff's claims with prejudice.

## 2. Mortgage Securitization and Holder of the Note

Even if Plaintiff was not estopped from bringing her claims, they lack merit. With regard to Plaintiff's allegations regarding the propriety of the securitization of her loan, the Ninth Circuit has concluded that a party such as Plaintiff has no standing to challenge the validity of an assignment or the securitization of her loan. *Lial v. Bank of Am. Corp.*, 2016 WL 372098, at *1 (9th Cir. Jan. 29, 2016) (applying analogous Nevada law); *see also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir. 2011) (concluding that the plaintiffs failed to demonstrate injury resulting from no party being in a position to foreclose through, for example, affecting the terms of their loans, their ability to repay their loans, or their obligations as borrowers); *Flournoy v. BAC Home Loan Servicing LP*, No. CV-11-01234-PHX-NVW, 2011 WL 4482996, at *3 (D. Ariz. Sept. 28, 2011) (noting that securitization does not excuse a borrower from making payments on the note). Plaintiff does not cite any legal authority or argue to the contrary in her Motion for Temporary Restraining Order. Moreover, even if Plaintiff was not estopped from bringing her claims, amendment of the Complaint would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (noting that leave to amend should not be given when complaint's defects cannot be cured).

Likewise, Plaintiff's claim that Defendant is required to demonstrate it holds the Note before initiating foreclosure proceedings is contrary to the applicable case law, and Plaintiff provides no opposing authority or argument. The Supreme Court of Arizona and this Court have rejected the "show me the note" or "holder of the note" argument repeatedly. *See, e.g., Hogan v. Washington Mutual Bank, N.A.*, 277 P.3d 781, 782-83 (Ariz. 2012) (holding that "Arizona's non-judicial foreclosure statutes do not require the

beneficiary to prove its authority or 'show the note' before the trustee may commence a non-judicial foreclosure."); *Diessner v. MERS*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (holding that defendants had no obligation to prove they are the "owner of the Note and Deed of Trust."). While a creditor seeking to directly enforce a note in the face of default under a Uniform Commercial Code action would be required to prove its authority, Arizona's non-judicial foreclosure statutory scheme was created specifically to avoid the time and expense of that cumbersome procedure. Under A.R.S. §§ 33-801 *et seq.*, when the parties have executed a deed of trust and the debtor thereafter defaults on the promissory note, a beneficiary or trustee need not prove they are entitled to enforce the note or deed before holding a non-judicial foreclosure sale. That party merely must do two things: record the notice of trustee's sale pursuant to § 33-808; and then send the trustor notice of the default, signed by the beneficiary or his agent, setting forth the unpaid principal balance. A.R.S. § 33-809(C); *Hogan*, 277 P.3d at 783. Plaintiff's holder-of-the-note claim thus fails as a matter of law, and amendment of the Complaint would again be futile.

### B. Plaintiff's Motion for Temporary Restraining Order

Because Plaintiff has not—and cannot—state a claim against Defendant, Plaintiff also cannot demonstrate a likelihood of success on the merits, as required to obtain preliminary injunctive relief. The Court must thus deny Plaintiff's Motion for Temporary Restraining Order and dismiss this case.

The Court would deny Plaintiff's Motion for a second reason, namely, that Plaintiff already brought the Motion and the state court denied it. As Defendant points out, Plaintiff's second Motion does not present the requisite "highly unusual circumstances" to obtain reconsideration of the state court's prior decision. *See McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).

**IT IS THEREFORE ORDERED** granting Defendant Wells Fargo Bank NA's Motion to Dismiss (Doc. 7) and dismissing Plaintiff's claims in this matter with prejudice.

**IT IS FURTHER ORDERED** denying Plaintiff Bjorg Kopec's Motion for Temporary Restraining Order (Doc. 11).

**IT IS FURTHER ORDERED** that Defendant shall provide a copy of this Order to Plaintiff.

**IT IS FURTHER ORDERED** vacating all previously set hearings.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 4th day of September, 2018.

Honorable John J. Tuchi
United States District Judge